### BRIDGET JOHNSON v. WILLIAM STILSON.

*Exception to sureties on replevin bond.*

Where a justice of the peace issued a writ of replevin before any bond had been filed by the plaintiff, and approved it next day under a misapprehension as to a surety's qualifications, it was *held* that Comp. L., § 5294, would not prevent the defendant from excepting to the sureties.

Error to Cass. Submitted Jan. 13. Decided Jan. 23.

REPLEVIN. The writ was issued late at night, and as the justice who issued it objected to the surety offered, the petitioner for the writ promised to produce another next day. The latter appeared and signed the bond, and the justice, understanding him to say that he was worth $200 subject to execution, indorsed his certificate of qualification. Afterwards, on objection to the sureties, the justice again put this surety on oath, and examined other witnesses and became convinced that he was mistaken in supposing that the surety had so testified, and he thereupon dismissed the writ. The circuit court on certiorari affirmed this dismissal and plaintiff brings error.

*J. A. Kellogg* for plaintiff in error.

*Cholwell Knox* for defendant in error.

MARSTON, C. J.   The judgment of the circuit court must be affirmed with costs.   It appears from the return of the justice to the writ of certiorari, that he issued the writ of replevin before any bond had been filed with and approved by him; and his approval on the following day, after an additional surety had signed, if such could be called an approval, was under a misapprehension of the facts.   The statute, § 5294, would not prevent the defendant from taking exceptions to sureties signing under such circumstances.

The other Justices concurred.